UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANNA J. STANKIEWICZ, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:09-cv-00660-JMS-TAB |
| | ) | |
| MICHAEL BAVIN, | ) | |
|     *Defendant.* | ) | |
| | ) | |

# ORDER

Presently before the Court are two motions that the Plaintiff has filed to continue the trial in this action, [dkt. 46, 48], which is currently scheduled for June 6, 2011, [dkt. 34]. Plaintiff's counsel says that the continuance is needed so that he can complete expert discovery in this action—filed almost two years ago—arising out of a May 2007 car crash.

Inasmuch as uncompleted expert discovery underlies the motions to continue the trial date, the motions are implicitly motions to modify the case management plan, which has an impending discovery cut-off date of May 1, 2011. [Dkt. 40.] That discovery cut-off date was set by agreement of the parties, [*see* dkt. 39], as have been true of the previous case management plans that have been entered, [*see* dkt. 32, 18]. The most recent case management plan was, however, modified on March 14—again by agreement—to permit the Defendant through March 30, 2011 in which to make his expert disclosures and to serve the required expert reports. [Dkt. 42.]

The Seventh Circuit encourages trial courts to stick to deadlines established in case management plans. *See, e.g.*, *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002) ("We encourage the district courts to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established after consultation with the

parties pursuant to Rule 16 and Rule 26(f) in order to 'secure the just, speedy, and inexpensive determination of every action.' Fed. R. Civ. P. 1."). Nonetheless, upon a showing of "good cause," as the Court has recognized when acceding to the parties' previous joint requests to modify deadlines, the Court should modify its case management plan. Fed. R. Civ. Pro. 16(b)(4).

Plaintiff's counsel makes no attempt to directly engage with the required "good cause" standard. Had he done so, he would have confronted Seventh Circuit caselaw that explains that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment [to the case management plan]." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). He offers no explanation as to what efforts he has made thus far in an attempt to complete discovery on schedule. Indeed, from the papers presented here, it's not at all clear that counsel has devoted any meaningful efforts to completing this action on schedule, even though case management deadlines exist to "force parties and their attorneys to be diligent in prosecuting their causes of action." *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988).

The closest the motion papers come to providing a "good cause" is by asserting that the Plaintiff's ongoing medical treatment necessitates "additional time to conduct expert discovery to ascertain future damages" and "[t]hat the parties have yet to explore mediation or a settlement conference in this matter." [Dkt. 46 ¶¶2-3.] But the weight of the first reason is significantly undercut by the fact that the Plaintiff's treatment providers apparently haven't changed since the accident and by the fact that the treatment still isn't expected to be complete during the six-month continuance sought here. Plus, there is no suggestion that the need for ongoing treatment wasn't known to counsel when the parties negotiated their January 2011 modifications to the case management plan. As for the second reason, while the Court encourages parties to explore

settlement, Congress created the Court to resolve disputes. Trial deadlines should drive settlement talks, not the other way around.

In short, the Court finds that Plaintiff's counsel has failed to establish the necessary good cause to modify the case management plan in this action. Because the current discovery deadline will, therefore, remain, no reason exists to continue the trial.[1] Accordingly, the Plaintiff's motion to continue, [dkt. 46, 48], are **DENIED**.

04/26/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@stpaultravelers.com

Vaughn Arthur Wamsley
jcarrell@pilegal.com

---

[1] In a footnote to the Defendant's response, the Defendant notes that he is willing to permit a deposition of one of his experts who was unable to complete his report within the time allotted under the case management plan. Because the case management plan will remain, the Plaintiff is entitled to rely upon its deadlines just as much as the Defendant is. As no motion under Rule 37(c)(1) is currently pending before the Court, the Court has no occasion to consider the consequences of the Defendant's admittedly untimely disclosure. *See* Fed. R. Civ. Pro. 37(c)(1) (requiring exclusion of belatedly disclosed evidence "unless the failure was substantially justified or is harmless").